**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FILED**

**MAY 2 5 2006**

CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

In re:

REBECCA L. DIXON,

    Debtor.
_____/

Case No. 6:04-bk-10966-ABB
Chapter 7

REBECCA L. DIXON,

    Plaintiff,

vs.

BANK OF AMERICA, N.A.,

    Defendant.
_____/

Adv. Pro. No. 6:04-ap-00228-ABB

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Motion for Summary Judgment[1] filed by Rebecca L. Dixon, the Debtor and Plaintiff herein ("Debtor"), against Brazos Higher Education Student Loan Services, the substituted Defendant[2] herein ("Defendant"). The Debtor seeks summary judgment on her Complaint[3] for the discharge of student loans pursuant to 11 U.S.C. § 523(a)(8).[4] An evidentiary hearing on the Motion was held on January 23, 2006 at which the Debtor and counsel for the Defendant appeared. The Debtor was provided fourteen days to review her deposition transcript and the Defendant was provided twenty-one days to submit documents addressing the assignment of the

---

[1] Doc. No. 22.
[2] The Court entered an Order granting the Defendant's Motion to Intervene on June 10, 2005.
[3] Doc. No. 1.
[4] The Debtor references 11 U.S.C. § 523(a)(8)(B) in her Complaint, but this provision did not exist at the time she filed her petition. Subsection (8)(B) was created by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). BAPCPA was enacted on April 20, 2005 and became generally effective on October 17, 2005. The Debtor filed her bankruptcy case prior to the enactment date of BAPCPA.

Debtor's loans to the Defendant. The Plaintiff filed the Plaintiff's Notice of Filing Corrections to Deposition Transcript[5] and the Defendant filed an Affidavit of Process and Account of Payment History with supporting exhibits ("Affidavit").[6] The Debtor was provided additional time to respond to the Affidavit through the Notice of Response and Objection Deadline issued by the Court.[7] She filed an untimely response to the Affidavit.[8] The parties filed other various post-hearing briefs and motions. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live argument, and being otherwise fully advised in the premises:

## FINDINGS OF FACT

The Debtor filed an untimely Opposition[9] to the Defendant's Affidavit. The Debtor disputes the factual allegations contained in the Affidavit, but presents no objection to the admissibility of the Affidavit or its accompanying exhibits. The Affidavit and its exhibits shall be admitted into evidence. The Defendant's Motion to Strike the Opposition[10] shall be denied.

The Debtor financed her law school education through student loans with Bank of America, N.A. ("Bank of America"). Bank of America sold the loans to Trinity Higher Education Authority, Inc. and Trinity sold the loans to the Defendant.[11] ACS, Inc., f/k/a AFSA Data, is the Defendant's agent who services the Debtor's loans. The Debtor's loan

---

[5] Doc. No. 46.
[6] Doc. No. 47.
[7] Doc. No. 48.
[8] Doc. Nos. 51, 52, 53, 54.
[9] Doc. Nos. 53, 54.
[10] Doc. No. 55.
[11] *Id.*

balance is approximately $80,000.00, which she seeks to discharge on the ground repayment would impose upon her an undue hardship.

The Debtor has neither established the absence of a genuine issue of material fact nor that she is entitled to judgment as a matter of law. The evidence presented reflects material facts are in genuine dispute including: (i) the Debtor's actual monthly income and expenses; (ii) the nature and extent of her alleged disability; (iii) whether she can maintain a minimal standard of living for herself and her daughter if required to repay her student loans; (iv) whether additional circumstances exist indicating her current state of affairs is likely to persist for a significant portion of the repayment period of the student loans; (v) whether the Debtor has made good faith efforts to repay the loans; and (vi) whether the Defendant breached the loan agreements or acted in bad faith. The Debtor is not entitled to an award of summary judgment.

## CONCLUSIONS OF LAW

The Plaintiff seeks to discharge the student loan debt pursuant to 11 U.S.C. § 523(a)(8) and requests summary judgment on her Complaint. A court may enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2005) (made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). After a movant makes a properly supported summary

judgment motion, the non-moving party must establish specific facts showing the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(e). The non-moving party may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A court determining entitlement to summary judgment must view all evidence and make reasonable inferences in favor of the party opposing the motion. Hayes v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995).

Section 523(a)(8) provides a discharge pursuant to § 727 does not discharge an individual from an educational loan unless excepting the debt from discharge "will impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8). "Undue hardship" is a mixed question of fact and law. Educational Mgmt. Corp. v. Stanley, 300 B.R. 813, 816 (N.D. Fla. 2003). The "undue hardship" exception is to be applied narrowly. In re Holmes, 205 B.R. 336, 339 (Bankr. M.D. Fla. 1997). "[C]ongress, in enacting § 523(a)(8), set a high bar for a debtor seeking to discharge government-guaranteed educational loans." In re Frushour, 433 F.3d 393, 403 (4th Cir. 2005).

The 11th Circuit Court of Appeals has adopted the "Brunner Test" to determine if undue hardship exists. In re Cox, 338 F.3d 1238, 1241 (11th Cir. 2003). The Brunner Test requires a debtor seeking discharge of a student loan to establish three elements: (1) the debtor cannot maintain, based on current income and expenses, a minimal standard of living for herself and her dependants if forced to repay the loans; (2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant

portion of the repayment period of the student loans; and (3) the debtor has made good faith efforts to repay the loans. Brunner v. New York State Higher Educ. Serv., 831 F.2d 395, 397 (2d Cir. 1987).

The Debtor has not established the Bruner Test elements. The Debtor is not entitled to summary judgment because she has not demonstrated the absence of a genuine issue of material fact and that she is entitled to discharge of the student loan debt as a matter of law pursuant to 11 U.S.C. § 523(a)(8).

Accordingly, it is

**ORDERED, ADJUDGED, AND DECREED** that the Defendant's Motion to Strike the Plaintiff's Declaration in Opposition to Defendant's Affidavit of Process is hereby **DENIED** and the Defendant's Affidavit of Process and its accompanying exhibits are hereby entered into evidence; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Debtor's Motion for Summary Judgment is hereby **DENIED**; and it is further

**ORDERED, ADJUDGED, AND DECREED** that a status conference will be held in this adversary proceeding on June 12, 2006 at 2:30 p.m.

Dated this 25th day of May, 2006.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge